UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:20-CR-48 JD |
| EARL D MILLER | |

**OPINION SUPPORTING FORFEITURE ORDER**

The Court issues an opinion to supplement the holding contained in its preliminary order of forfeiture.

On May 13, 2022, the defendant Earl Miller was convicted by a jury of five counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff(a) and 17 C.F.R. § 240.10b-5. The Superseding Indictment gave notice to Mr. Miller that in the event of his conviction, the Government would seek forfeiture pursuant to statutory authority. *See* 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c). Mr. Miller waived having a jury decide the issue of forfeiture, thus the duty of determining the amount of forfeiture falls to the Court. *See* Fed. R. Crim. P. 32.2(b)(5)(A).

The Government has now filed its motion for forfeiture, seeking a money judgment against Mr. Miller in the amount of $1,560,709.64. (DE 179.) The Government alleges this sum reflects the proceeds Mr. Miller derived from his offense with $914,893.97 of investor money being used by Mr. Miller to pay himself and $645,815.67 to pay a personal debt he acquired in the course of buying control of the Five Star business enterprise from his co-owner Matt Gingerich.

Title 18 U.S.C. § 981(a)(1)(C) provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of "any offense

constituting 'specified unlawful activity'" which includes Section 1343. Title 28 U.S.C. § 2461(c) provides that if a defendant is convicted of an offense giving rise to forfeiture for which there is a civil forfeiture provision, but no criminal forfeiture provision, "the court shall order the forfeiture of the property as part of the sentence in the criminal case[.]" The Government bears the burden of proving the amount to be forfeited by a preponderance of the evidence. *United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005). Unlike its kindred concept restitution, which is concerned with determining the amount lost by victims, in determining forfeiture the Court must focus on the defendant's gains and "only assets gained by the defendant can be collected via a forfeiture order." *United States v. Swanson*, 394 F.3d 520, 529 (7th Cir. 2005) (citing *United States v. Genova*, 333 F.3d 750, 762 (7th Cir. 2003)).

The Court finds that the Government has established these two amounts constitute proceeds of Mr. Miller's crime which he received. The Court will first address the $914,893.97 of investor money which Mr. Miller paid to himself. The evidence introduced at trial clearly establishes that Mr. Miller took this money from investors. At trial FBI forensic account Heather Teagarden testified that her examination of Five Star bank records indicate Mr. Miller took this amount of investor money to pay himself, contrary to the agreements Mr. Miller executed with investors. (DE 148 at 26:3–7, 27:20–28:11; Trial Exh. 37 (chart prepared by Ms. Teagarden summarizing Mr. Miller's takings)). This sum constitutes a proceed of Mr. Miller's criminal activity because he personally gained the asset of cash in his pocket through taking this money from his investors.

Turning to the $645,815.67 amount, the Court finds the evidence once again supports that Mr. Miller took investor money to buy out his business partner Matt Gingerich, contrary to his contractual agreements with investors. (DE 148 at 26:22–27:3 (Teagarden testimony); DE 160 at

19:25–20:11 (trial testimony of Mr. Scott Bocklund); Trial Exh. 47 (purchase agreement between Mr. Miller and Matt Gingerich).) This sum also constitutes proceeds as Mr. Miller used these funds for the personal benefit of obtaining Mr. Gingerich's equity in the Five Star business enterprise. *See Genova*, 333 F.3d at 761 ("A change in form from the proceeds immediately obtained from crime—for example, use of criminal lucre to buy a house—does not prevent forfeiture of the resulting property.") (internal citations omitted); *United States v. Clark*, 165 F.Supp.3d 1215, 1219 (S.D. Fla. 2016) (Ordering forfeiture for proceeds which included a portfolio of properties which the defendant used investor funds to pay the mortgages).

Mr. Miller filed a scant objection to this proposed forfeiture amount (DE 186). The objection fails to raise a substantive legal claim, however. Consequently, the objection will be overruled. Mr. Miller's forfeiture objection consists of a pair of sentences without any citation to legal authority reading as follows:

> "With respect to forfeiture motion, the defendant denies the government's motion because there was insufficient proof of any wrongdoing by the defendant to justify a forfeiture. In addition, because of the 5Star bankruptcy, there are no assets to forfeit." (DE 186.)

The Court interprets this as raising two arguments. First is a general restatement of Mr. Miller's claim of innocence which has no merit on the forfeiture issue given the jury verdict.[1] Further, this contention does not challenge the evidence presented at trial indicating Mr. Miller took the funds and used them to pay himself and pay his debt to Mr. Gingerich.

---

[1] The Court would also note it has previously denied two challenges to the jury verdict brought under Federal Rule of Criminal Procedure 29. (DE 94, 112.)

The second argument the Court discerns is a contention that it cannot enter a forfeiture order because Mr. Miller no longer possesses the pilfered assets. The fact a defendant may have disposed of the stolen assets in question is no bar to a forfeiture order which takes the form of a money judgment. *United States v. Ginsburg*, 773 F.2d 798, 801–02 (7th Cir. 1985) (en banc). Thus, this objection will be overruled.

Accordingly, the Court finds that the Government has established by a preponderance of the evidence that it is entitled to forfeiture, in the form a money judgment against Mr. Miller, in the amount of $1,560,709.64. The Court will grant the preliminary order of forfeiture in that amount in a separate written order.

SO ORDERED.

ENTERED: September 25, 2023

                                                      /s/ JON E. DEGUILIO
                                                    Judge
                                                    United States District Court